**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SHANIQUA ROWE AND TAHESHA STREETER,** | Case No.: 1:23-cv-02082 |
| Plaintiffs, | Hon. Steven E. Seeger |
| vs. | Magistrate Judge Hon. Young B. Kim |
| **PAPA JOHN'S INTERNATIONAL, INC.,** | |
| Defendant. | |

**PLAINTIFF TAHESHA STREETER'S MEMORANDUM IN SUPPORT OF MOTION
TO WITHDRAW OR MODIFY ADMISSION TO REQUEST FOR ADMISSION NO. 16**

Plaintiff Tahesha Streeter ("Plaintiff"), by and through her undersigned counsel, respectfully files this Memorandum in Support of Plaintiff's Motion to Withdraw or Modify Admission to Request for Admission No. 16. For good cause, Plaintiff states:

**FACTS**

Defendant served Plaintiff with its Papa John's International, Inc.'s First Set of Requests for Admission to Plaintiff Tahesha Streeter ("Defendant's RFA's") on February 27, 2025. A copy is attached hereto as Exhibit A.

Plaintiff timely served Plaintiff's Responses to Papa John's International, Inc.'s First Set of Requests for Admission to Plaintiff Tahesha Streeter ("Plaintiff's RFA Responses") on March 27, 2025. A copy is attached hereto as Exhibit B.

Plaintiff gave the following answer to Request for Admission No. 16:

REQUEST NO. 16: Admit that Ozark had discontinued use of the finger scanner on the FOCUS point-of-sale system when You were employed by Ozark in 2019.

**Answer: Admit**

1

*Id.*, Response No. 16.

On April 4, 202—eight days after Plaintiff served Plaintiff's RFA Responses—Defendant took Plaintiff's deposition. A copy of the transcript of the deposition is attached hereto as <u>Exhibit C</u> (hereinafter "Streeter Tr.").

Defendant's counsel specifically questioned Plaintiff at her deposition regarding her admission to Request for Admission No. 16 ("Okay. I want to take you to request number 16. . . ."). Streeter Tr. at 55:18-19. Defendant's questioning was extensive:

> Q. . . . And it [Request to Admit No. 16] states, admit that Ozark had discontinued use of the finger scanner on the focus point of sales system when you were reemployed by Ozark in 2019.
>
> A. Uh-huh.
>
> Q. And the answer is admit.
>
> A. Excuse me.
>
> Q. The answer is admit. This is your answer.
>
> A. Discontinue [sic] in 19? I was still there.
>
> Q. But this is your answer. You said you reviewed this and approved it which was prior to day.
>
> A. I answered – okay. So clearly I must have not went through it all because I'm kind of confused on this. So this is an issue, right, this right here because if I was there at the company I left in twenty and I was told that -- no, don't -- I did not say I did not use a finger scanner at the second period of employment.
>
> Q. At any time during that second period of employment was the finger scan discontinued?
>
> A. Not that I know of. No one told me that and I don't recall neither though.
>
> Q. When you say no one told you --
>
> A. Because I know for a fact it was in the back of the office. So I know that's not true.
>
> Q. Do you know if it was plugged in ?

2

A.      Yeah.

Q.      Do you know if it was plugged in?

A.      Yeah.

Q.      Do you know if it was still activated?

A.      Yes.

Q.      How about the one that wasn't in the back office?

A.      The front of the house, yes, it still worked.

Q.      And how down [sic] that?

A.      I want to say I still use [sic] it to check the drivers out.

Q.      Did you see anyone else using it?

A.      If I was using it, the hole [sic] store was using it literally drivers and everybody.

Q.      Did you see anybody punching in a code?

A.      Not that I can recall. . . .

55:18-57:12.[1]

After Plaintiff completed her testimony, on the same day, April 4, 2025, Plaintiff served on Defendant Plaintiff's Corrected Response to Papa John's International, Inc.'s First Set of Requests for Admission to Plaintiff Tahesha Streeter, Request for Admission # 16 ("Corrected Response").  A copy is attached hereto as <u>Exhibit D</u>.  The Corrected Response contained the following Answer:

**CORRECTED ANSWER:**  When Plaintiff answered this request on March 27, 2025, her response admitted this request. During Plaintiff's deposition on April 4, 2025, Defendant's counsel asked Plaintiff about this answer, Plaintiff testified to the effect that although she reviewed and approved this answer, she must not have reviewed it very carefully because this answer was not correct. Plaintiff testified during her deposition that the correct answer to this Request for admission is that it is denied. Plaintiff corrects her answer to Request No. 16 accordingly. Answer: denied.

---

[1] <u>Exhibit C</u> is a copy of the deposition transcript that Defendant filed in support of its Memorandum of Law in Support of Motion to Strike Plaintiff Tahesha Streeter's Corrected Response to Request for Admission No. 16, at Dkt. # 88-3.  The docket information has been redacted from it using white redactions so that the correct docket information for this filing will appear legible.

*Id.*

Fact discovery was scheduled to close on the parties' joint motion for extension, on April 18, 2025. Dkt. # 86.

On April 18, 2025, Plaintiff took the corporate (Fed. R. Civ. Pro. 30(b)(6)) deposition of Ozark (Ozark Pizza Company, LLC, Plaintiff's prior employer). *See* Joint Motion to Extend the Completion of Third-Party Fact Discovery, Dkt. # 89, at ¶ 32. The Joint Motion, which was filed on April 18, 2025, also stated as follows:

> The parties consider fact discovery finished and closed except for the completion of (non-party) Ozark's document production and corporate deposition, and documents not produced and requested at the corporate deposition of Defendant. Absent Ozark's confirmation, the parties are requesting that the Court extend the time for Plaintiffs' to complete their written discovery and to finish the deposition of Ozark, by three weeks to May 9, 2025, with Plaintiffs reserving the right to seek the assistance of the Court should Ozark not comply with Plaintiffs' subpoena duces tecum and subpoena for deposition.

*Id.* at ¶ 33.

On April 21, 2025, the Court granted the joint motion, "extend[ing] fact discovery until May 9, 2025 for the limited purpose of allowing the parties to complete the requested third-party discovery." Dkt. # 90.

Plaintiffs thereafter re-noticed Ozark's continuing deposition date for May 9, 2025 and have a subpoena out for service for it; Ozark's counsel has not yet confirmed whether Ozark will appear for it.

Expert discovery is scheduled to begin one month after the completion of fact discovery so has not yet begun. *See* Dkt. # 53, 54, 90. The dispositive motions deadline is also well off in the future, being one month after the close of the expert discovery which has not started yet. *Id.* And no trial date has been scheduled. *Id.*

## STANDARD

Rule 36(b) of the Federal Rules of Civil Procedure provides:

(b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b).[2]

"The purpose of Rule 36 is to permit the person obtaining the admission to rely thereon in preparation for trial." *Jackson v. Jersey Cmty. Hosp.*, No. 3:21-cv-00848, 2024 U.S. Dist. LEXIS 166700, at *3 (S.D. Ill. Sept. 16, 2024) (quoting *Gardner v. Southern Ry. Systems*, 675 F.2d 949, 954 (7th Cir. 1982)). "Importantly, Rule 36 ensures that actions are 'resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'" *Id.* (quoting Fed. R. Civ. P. 36(b), advisory committee's note to 1970 amendment). "District courts can exercise their discretion to allow a party to withdraw or amend an admission under Rul 36(b) when (1) the presentation of the merits is better served by doing so, and (2) the party benefiting from the admission is not prejudiced in defending the case on the merits." *Id.* at *3-4 (citing *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005)). "Courts focus on this two-prong test rather than place emphasis on the moving party's excuse for the erroneous admission." *Id.* at *4 (citing *Anderson v. Hansen*, 583 F. Supp. 3d 1180, 1186 (E.D. Wis. 2022)). "The party seeking to withdraw carries the burden of showing that permitting withdrawal better subserves the merits of the case." *Id.* (citing *Nasrabadi v. Kameli*, No. 18-cv-

---

[2] Rule 16(e) permits that "[t]he court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. . . ."

8514, 2020 U.S. Dist. LEXIS 130821, at *1 (N.D. Ill. July 23, 2020)). "Whereas, the party opposing withdrawal bears the burden of demonstrating that permitting withdrawal would prejudice them." *Id.* (citing *Nasrabadi*, *supra*); *see also Hubbard v. Illinois State Bd. of Educ.*, No. 20-cv-3300, 2022 U.S. Dist. LEXIS 239637, at *3 (C.D. Ill. Dec. 12, 2022).

## ARGUMENT

A. <u>Withdrawal or amendment would promote the presentation of the merits of the action.</u>

The Court should permit the withdrawal or amendment of Plaintiff's answer admitting Request for Admission No. 16 because it would promote the presentation of the merits of the action. While Plaintiff admitted in Plaintiff's RFA Responses, Response No. 16, "that Ozark had discontinued use of the finger scanner on the FOCUS point-of-sale system when [Plaintiff was] employed by Ozark in 2019", just eight days later when Defendant deposed Plaintiff, she testified when confronted with her admission, as fully recounted above, that she had been confused and she and others did use a finger scanner during her second period of employment.

Allowing Plaintiff to withdraw or amend her answer to match up with her deposition testimony "will 'promote the presentation of the merits of the action' because [Plaintiff] will not be bound by admissions that are—at a minimum—disputed." *Commsolvers LLC v. Wieland N. Am., Inc.*, No. 3:21-cv-01234 (S.D. Ill. Feb. 13, 2025) (quoting Fed. R. Civ. P. 36(b)) (citing *Chavez v. Encompass, Inc. Co. of Am.,* No. 1:08-cv-2965, 2009 U.S. Dist. LEXIS 139680, at *2 (N.D. Ga. June 8, 2009) ("A withdrawal subserves the presentation of the merits when it aids in the ascertainment of truth.")).

B. <u>It would not prejudice Defendant in defending the action on the merits.</u>

Defendant cannot carry its burden to show that Defendant would be prejudiced in defending the action on the merits. "The prejudice inquiry under Rule 36(b) focuses on the

prejudice the nonmoving party would suffer at trial." *Hubbard* at *3 (citing *Conlon v. United States*, 474 F.3d 616, 623 (9th Cir. 2007)). "It is not prejudice to require a party to convince a trial of fact of the truth of the matter that had previously been admitted." *Id.* (citing *Blow v. Bijora*, 855 F.3d 793, 800 (7th Cir. 2017)); *see also Commsolvers* at *8 (recognizing that a party's being forced to "call[] a witness to rebut an adversary's evidence is perhaps the most fundamental trial exercise there is" and accordingly "any prejudice to [the party] in allowing [the movant] to withdraw its admissions to [] RFAs is minimal and not worth of the drastic alternative of binding [the movant] to a disputed fact"); *Jackson* at *11 ("Simply being forced to prove one's case on the merits does not amount to the sort of prejudice that satisfies Rule 36(b)."). "Instead, prejudice, within the meaning of Rule 36(b), relates to the difficulty a party will have proving his case, for example, because of the unavailability of a key witness due to the sudden need to obtain evidence with respect to the question previously answered by the admission." *Hubbard* at *3 (citing *Blow*, *supra*.). Thus, "[t]here is no prejudice if the withdrawing party's submissions have otherwise consistently denied the admitted facts, the party opposing the withdrawal conducted thorough discovery, <u>or</u> the withdrawal is made before trial and discovery may be reopened." *Id.* (quoting *Johnson v. Target Corp.*, 487 Fed. Appx. 298, 300 (7th Cir. 2005) (emphasis added) (unpublished) (citing *Conlon*, 474 F.3d at 622-24; *Perez v. Miami-Dade County*, 297 F.3d 1255, 1267-68 (11th Cir. 2002)).

Here, Defendant deposed Plaintiff on April 5, 2025 just eight days after Plaintiff had given her answers to Defendant's Requests for Admission. Defendant specifically and extensively questioned Plaintiff about the correctness of her admission to Request No. 16. Later that same day, on April 4, 2025, Plaintiff served Defendant with a Corrected Response to Request for Admission No. 16, albeit without first seeking leave of court. Nothing of consequence happened

in the eight days that passed between the date of Plaintiff's giving her answers to Defendant's Requests for Admission and when Plaintiff was deposed. Defendant had and exercised itself of the full and fair opportunity to depose Plaintiff regarding Defendant's Request for Admission No. 16, Plaintiff's response given to it, and Plaintiff's position regarding it.

While Plaintiff concedes that the Corrected Response was not sufficient, in and of itself, to withdraw or modify Plaintiff's Response to Request for Admission No. 16, it nonetheless served as timely notice along with Plaintiff's deposition testimony given on the same day that Plaintiff did not agree with the admission.

Fact discovery closed between the parties closed on April 18, 2025 without Defendant seeking to extend the discovery period in light of Plaintiff's deposition testimony and Corrected Response. Additionally, the non-party that Request for Admission was about, Ozark, is still in the process of being deposed with its continuing deposition session re-noticed for May 9, 2025. Both parties have and may continue to question Ozark's corporate representative regarding the subject of Defendant's Request for Admission No. 9, which is "that Ozark had discontinued use of the finger scanner on the FOCUS point-of-sale system when [Plaintiff Streeter was] employed by Ozark in 2019. Expert discovery has not begun yet, the dispositive motions deadline is not until a month after the close of expert discovery, and no trial date has been set. In short, there is no cognizable prejudice to Defendant that Defendant can carry its burden to establish.

Wherefore, the Court should grant Plaintiff Tahesha Streeter's Motion to Withdraw or Modify Admission to Request for Admission No. 16 and permit the withdrawal or amendment of Plaintiff's answer admitting Request for Admission No. 16 as requested herein.

Dated: April 28, 2025

*Respectfully submitted,*

*/s/ David Bizar*
David Bizar
Andres Pereira
DJC LAW, PLLC
1012 W Anderson Ln
Austin, Texas 78757
(512) 220-1800
dbizar@teamjustice.com

Samuel L. Eirinberg
DJC Law, PLLC
140 S. Dearborn Street, Ste. 1610
Chicago, Illinois 60603
(872) 804-3400
sam@teamjustice.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2025, I caused a true and correct copy of the foregoing to be filed with the Court by electronic filing protocols, and that the same will be electronically served upon all attorneys and parties of record registered with the Court's ECF/CM system.

*/s/ David Bizar*
David Bizar